JONES, APPELLANT, v. HAYDEN ET AL., APPELLEES.

1. PLEADING—INDUCEMENT.
In an action by the assignee of a void county warrant against the assignor, the allegations in the complaint in regard to the warrant can only be regarded as inducement or as explanatory of the cause of action, while the cause of action for which recovery could be had is the amount of money advanced, with interest.

2. MEASURE OF DAMAGES.
In all cases (unless special damages are pleaded) where the consideration for which money was paid fails, and the purchaser has a right of action, the measure of damages is the amount paid and interest.

*Appeal from the District Court of Chaffee County.*

THE following amended complaint was filed in this cause:

"First. That at all times hereinafter mentioned the said plaintiffs were and still are copartners under the firm name and style of Hayden & Dickinson.

"Second. That on or about the sixteenth day of July, A. D., 1885, The Board of County Commissioners of the county of Chaffee, in the state of Colorado, made its certain bill or instrument in writing commonly called a county warrant, in the words and figures following, to wit:

"$1213.76.    Chaffee County Board of County Commissioners. Treasurer of said County—July 16th, Term 1885.

"Pay to E. B. Jones or order twelve hundred and thirteen. and seventy-six one hundreths dollars for collecting county taxes, out of moneys in the Treasury not otherwise appropriated.
                            J. A. ISRAEL,
                        Chairman County Commissioners.
Attest, ERNEST WILBER, County Clerk.
No. 8559.          Per J. E. COLE, Deputy.

"Third: That on, to wit: the twenty-third day of July, A. D., 1885, said instrument in writing was presented to the

county treasurer, of said county of Chaffee, for payment, and payment thereof was refused because there were no funds in the treasury wherewith to pay the same, and said treasurer indorsed upon said warrants as follows, to wit:

"Presented July 23, 1885, no funds. This warrant draws interest from this date at 10 per cent per annum. E. B. JONES, County Treasurer. By W. H. Kellogg, Deputy. Of all of which said defendant then and there had no notice.

"4th.—That the said instrument afterwards and before the commencement of this suit, on or about the first day of August, A. D. 1885, was sold, assigned, indorsed and delivered by said defendant to these plaintiffs and these plaintiffs then and there paid him the said defendant, a valuable consideration therefor, to wit: The sum of one thousand dollars.

"5th.—That said Chaffee county and the board of county commissioners thereof, have at all times neglected and do now neglect and refuse, by levy of taxes or otherwise to pay or to provide for the payment of said warrants or any part thereof, and that there is now due the plaintiffs thereon from the defendant, the sum of $1213.76 with interest at ten per cent per annum from the 23d day of July, 1885.

"6th.—And the plaintiffs are informed and believe and therefore allege that at the time of the making said instrument in writing and at the time the services for which said instrument was given were performed, the assessed valuation of all the taxable property in said Chaffee county was more than one million dollars and less than five million dollars, and amounts to the sum of to wit: two million, four hundred and nine thousand, four hundred and fifty-eight dollars, and that the total indebtedness of said county for all purposes, exclusive of debts contracted before the adoption of the constitution of Colorado was at said time more than two hundred and eighty thousand dollars, and more than twelve dollars for and upon each one thousand dollars, of valuation aforesaid, and that therefore said instrument or warrant was, at the time of said sale, assignment, indorsement and delivery

of said defendant to these plaintiffs, void, illegal and without validity.

"And so plaintiffs aver that any suit upon said instrument of writing against said the board of county commissioners of the county of Chaffee would be unavailing at any time from thence hitherto and now.

"11th.—That said instrument in writing has not been paid, nor any part thereof, or the money due thereon.

"Wherefore, plaintiffs demand judgment for the sum of twelve hundred and thirteen dollars and seventy-six cents, with interest thereon from the sixteenth day of July, A. D., 1885, to the date of judgment herein, at the rate of ten per cent per annum, and for their costs."

To which a demurrer was filed as follows:

"1st.—That the amended complaint does not state facts sufficient to constitute a cause of action."

"2.—That said amended complaint is uncertain in this, that it does not state the amount of money paid by plaintiffs to the defendant for the said county warrant."

The demurrer was overruled and defendant stood by his demurrer and declined to answer. Judgment was entered for $2,001.29, from which an appeal was prosecuted to this court.

Mr. G. K. HARTENSTEIN, for appellant.

Mr. JOHN H. DENISON, for appellees.

REED, J., delivered the opinion of the court.

The only question to be determined is the correctness of the judgment overruling the demurrer.

As near as can be gathered from the complaint, the county authorities of Chaffee county issued to the appellant a county warrant for the sum of $1,213.76, which was presented for payment to the county treasurer, payment refused; an indorsement was made:

"Presented July 23, 1885, no funds.   This warrant draws interest from this date at 10 per cent per annum

"E. B. JONES,

"County Treasurer."

Appellant sold, assigned and transferred the warrant to appellees "who paid a valuable consideration therefor, to-wit: the sum of $1,000." It is alleged also, that for the reasons stated in the complaint, "said warrant was * * * void, illegal and without validity." For the purposes of the demurrer the allegations in the complaint must be taken as true, the warrant regarded as void, and the suit as having been brought to recover the amount paid by appellees for the warrant, with the interest upon such sum. According to well established rules of pleading, the allegations in regard to the warrant can only be regarded as inducement or as explanatory of the cause of action, while the cause of action for which recovery could be had was the amount of money advanced and the interest. Testing the sufficiency of the complaint by these rules, it at once becomes apparent that no cause of action is stated in the complaint. Counsel and court appear to have fallen into the error of supposing the action properly based upon the warrant. Counsel prays judgment for the face of the warrant, and interest from the date of presentation, and the court gave a judgment upon the same basis. Judgment was entered by default, no evidence was taken, and damages assessed upon the warrant. The record entry is, "The complaint herein being duly verified *and the action being upon contract for liquidated damages*," etc.

It will readily be seen, that not only was the complaint defective, but the judgment erroneous. In all cases, (unless special or extraordinary damages are pleaded) where the consideration for which the money was paid, fails, and the purchaser has a right of action resulting from the character of the transaction, the measure of damage is the amount paid and the interest. The court erred in overruling the demurrer and allowing judgment for the amount of the warrant.

The judgment will be reversed and cause remanded.

*Reversed.*